UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH BUTLER,

                Plaintiff,

        -against-

JOHN/JANE DOE,

                Defendant.

19-CV-11274 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated in Louisiana State Prison in Angola, Louisiana, brings this action *pro se*. By order dated December 30, 2019, the Court directed Plaintiff to pay the $400 in fees required to bring a civil action in this Court or, to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, to submit an IFP application and a prisoner authorization. Because Plaintiff failed to file an IFP application and prisoner authorization, by order dated February 11, 2020, the Court dismissed the complaint without prejudice. *See* 28 U.S.C. §§ 1914, 1915.

    On April 23, 2020, the Court received Plaintiff's motion for an extension of time to file a notice of appeal and his notice of appeal. (ECF Nos. 6, 7.) On that same date, the Court received Plaintiff's motion to proceed IFP on appeal. (ECF No. 8.) For the following reasons, the Court denies Plaintiff's motions.

## DISCUSSION

    Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within thirty days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal, however, if the motion is filed

within thirty days of the expiration of the time to file notice of appeal, and if the moving party shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

Plaintiff filed this motion seeking an extension of time to appeal within thirty days after the time to file a notice of appeal expired.[1] The Court therefore considers whether he shows excusable neglect or good cause for the untimely filing.

Plaintiff uses the Court's motion for extension of time to file a notice of appeal form, which directs the litigant to explain why the notice was not filed within the required time period. Plaintiff's motion is unintelligible and does not include any reason why the appeal was not timely filed. Accordingly, Plaintiff fails to show excusable neglect or good cause for the untimely filing and the Court denies his motion for an extension of time to appeal.

In addition, in the February 11, 2020 order, the Court denied Plaintiff leave to proceed IFP on appeal. As he does not allege any facts suggesting that the Court should reconsider its prior decision, the Court also denies his new motion to proceed IFP on appeal.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies Plaintiff's motion for an extension of time to appeal (ECF No. 6).

The Court also denies Plaintiff's motion to proceed IFP on appeal (ECF No. 8).

---

[1] Under the "prison-mailbox rule," a prisoner's documents are deemed filed on the date that they are given to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988). Plaintiff does not indicate the date that he gave the documents to prison officials for mailing, but he signed the motion for an extension of time and the notice of appeal on April 2, 2020, and he signed the IFP application on April 4, 2020. The Court assumes for the purposes of this motion that Plaintiff filed the documents within thirty days of the expiration of his time to file a notice of appeal, that is, before April 15, 2020.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  May 21, 2020
        New York, New York

                                            COLLEEN McMAHON
                                     Chief United States District Judge